**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

IN RE:

PAUL EDWARD BROSS

       Debtor.       /

Case No.: 6:19-bk-05871-CCJ

Chapter 13

**OBJECTION TO DEBTOR'S MOTION TO EXTEND AUTOMATIC STAY [D.E. 10]**

Comes now, Ditech Financial LLC, hereinafter referred to as ("Secured Creditor"), by and through the undersigned counsel, and files its Objection to Debtor's Motion to Extend Automatic Stay [D.E. 10] and would show unto the Court as follows:

1. Secured Creditor lawfully holds a purchase money security interest against the following property: 265 Atlantic Dr., Melbourne Beach, FL 32951 (the "Subject Property")

2. On April 26, 2018, the Debtor entered into a Consent Final Judgement of Foreclosure with Secured Creditor concerning the Subject Property. A true and correct copy of the Consent Final Judgment is attached hereto as Exhibit "A".

3. The State Court scheduled the foreclosure sale to occur on September 18, 2018.

4. On September 18, 2018, the day of the scheduled sale, Debtor filed a skeleton bankruptcy petition, Case No.: 6:18-bk-05712-CCJ. Said case was dismissed on October 11, 2018 for failure to file information.

5. The foreclosure sale was rescheduled to September 11, 2019. [1]

6. Debtor filed the instant skeleton bankruptcy petition on September 9, 2019 in an effort to stop the foreclosure sale for a second time.

---

[1] During the time period between the first bankruptcy dismissal on October 11, 2018 and the subsequent sale date of September 11, 2019, the Debtor continued contesting the foreclosure, including opposing attempts to have the sale rescheduled.

7. Secured Creditor maintains the position that the Debtor is acting in bad faith and is using the bankruptcy process as a vehicle by which to further continue his foreclosure defense.

8. In the event that the automatic stay is extended, Secured Creditor requests that it not be extended on its collatearl so that Secured Creditor may proceed with its lawful state court remedies.

9. By the same token, in the event that the automatic stay is extended with respect to Secured Creditor's collateral, that Debtor not be able to treat the collateral in a chapter 13 plan except pursuant to §1322(b)(5).

WHEREFORE, Ditech Financial LLC requests that this Court:

    a. DENY the Motion to Extend Automatic Stay; or alternatively

    b. GRANT the Motion to Extend Automatic Stay on the basis that Ditech Financial LLC's claim be treated pursuant to §1322(b)(5) and that if this case is dismissed for any reason, the automatic stay shall not go into place on any subsequent bankruptcy filing with respect to Secured Creditor's collateral for a period not to exceed 180 days following the dismissal.

DATED this 19th day of September 2019.

    Respectfully submitted,

    /S/ Seth Greenhill

    _____
    SETH GREENHILL, ESQ.
    Florida Bar # 97938
    PADGETT LAW GROUP
    6267 Old Water Oak Road, Suite 203
    Tallahassee, FL 32312
    (850) 422-2520 (telephone)
    (850) 422-2567 (facsimile)

SGreenhill@padgettlaw.net
Attorney for Creditor

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished to the parties on the attached Service List by electronic notice and/or by First Class U.S. Mail on this 19th day of September 2019.

/S/ Seth Greenhill

SETH GREENHILL, ESQ.
Florida Bar # 97938
PADGETT LAW GROUP
6267 Old Water Oak Road, Suite 203
Tallahassee, FL 32312
(850) 422-2520 (telephone)
(850) 422-2567 (facsimile)
SGreenhill@padgettlaw.net
*Attorney for Creditor*

**SERVICE LIST (CASE NO. 6:19-bk-05871-CCJ)**

Debtor
Paul Edward Bross
997 South Wickham Road
West Melbourne, FL 32904

Trustee
Laurie K Weatherford
Post Office Box 3450
Winter Park, FL 32790

IN THE CIRCUIT COURT FOR THE
EIGHTEENTH JUDICIAL CIRCUIT IN
AND FOR BREVARD COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION

DITECH FINANCIAL LLC F/K/A GREEN
TREE SERVICING LLC
3000 Bayport Drive
Suite 880
Tampa, FL 33607

        Plaintiff(s),

vs.

PAUL BROSS; BREVARD COUNTY,     CASE NO.: 05-2016-CA-016736-
FLORIDA; SUNTRUST BANK;              XXXX-XX

        Defendant(s).
_____/

*Consent*

## FINAL JUDGMENT OF FORECLOSURE

**THIS ACTION** was tried before the court on April 26, 2018. On the evidence presented,

**IT IS ADJUDGED** that:

1. Plaintiff, **Ditech Financial LLC F/K/A Green Tree Servicing LLC**, 3000 Bayport Drive, Suite 880, Tampa, FL 33607 is due:

| | | |
|---|---|---|
| Principal: | $ | 287,144.34 |
| Interest from 05/01/2015 to 04/26/2018: | $ | 36,429.81 |
| Late Charges: | $ | ———— |
| **SUBTOTAL** | $ | 323,574.19 |

Ditech Financial LLC F/K/A Green Tree Servicing LLC vs. Paul Bross

Exhibit "A"

| | | | |
|---|---|---|---|
| Escrow Balance: <br> • Beginning Balance: <br> • Hazard/Fire Insurance: <br> • Floor Insurance: <br> • Homeowners Insurance: <br> • County Taxes: <br> • Additional Negative Escrow: | ($3,385.10) <br> $4,392.49 <br> $2,019.00 <br> $3,576.70 <br> $5,400.68 <br> $9,362.42 | $ | 21,366.19 |
| Corporate Advances: <br> • Property Inspection: | $315.00 | $ | 315.00 |
| **GRAND TOTAL** | | $ | 345,255.38 |

that shall bear interest at the legal rate, which was 5.72% per annum as of April 1st, 2018.

2. Plaintiff holds a lien for the grand total sum superior to all claims or estates of the defendant(s), on the following described property in Brevard County, Florida:

   **Lot 6, Block H, CRYSTAL LAKE SUBDIVISION FIRST ADDITION, according to the plat thereof, as recorded in Plat Book 13, Page 52, of the Public Records of Brevard County, Florida.**

   Property address: **265 Atlantic Drive, Melbourne Beach, Florida 32951**

3. If the grand total amount with interest at the rate described in Paragraph 1 and all costs accrued subsequent to this judgment are not paid, the Clerk of this Court shall sell the subject property at public sale on _____9/26/18_____, to the highest bidder for cash, except as prescribed in paragraph 4, in accordance with Section 45.031, Florida Statutes, using the following method: at the Brevard County Government Center - North, 518 South Palm Avenue, Brevard Room, Titusville, Florida 32796, beginning at 11:00 AM, on the prescribed date.

4. Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the Clerk if Plaintiff is not the purchaser of the property for sale,

provided, however, that the purchaser of the property for sale shall be responsible for documentary stamps payable on the certificate of title. If Plaintiff is the purchaser, the Clerk shall credit Plaintiff's bid with the total sum with interest and costs accruing subsequent to this judgment, or such part of it, as is necessary to pay the bid in full.

5. On filing the Certificate of Title, the Clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of the Plaintiff's costs; second, documentary stamps affixed to the Certificate; third, Plaintiff's attorneys' fees; fourth, the total sum due to the Plaintiff, less the items paid, plus interest at the rate prescribed in paragraph 1 from this date to the date of the sale; and by retaining any remaining amount pending the further order of this Court. If proceeds are to be distributed to Plaintiff or Plaintiff's Counsel, the Clerk is authorized to issue a single check made payable to counsel for Plaintiff.

6. On filing of the Certificate of Sale, Defendant(s) and all persons claiming under or against Defendant(s) since the filing of the Notice of Lis Pendens shall be foreclosed of all estate or claim in the property, except as to claims or rights under Chapter 718 or Chapter 720, Florida Statutes, if any. Upon the filing of the Certificate of Title, the person named on the Certificate of Title shall be let into possession of the property. Notwithstanding the foregoing, the rights of any condominium or homeowners' association to collect unpaid assessments from any subsequent title holder, including the first mortgage holder, shall be preserved and shall be governed as provided in Section 718.116 and 720.3085, Florida Statutes,

subject to limitations as set-forth in *Coral Lakes Community Association, Inc. v. Busey Bank, N.A.*, 30 So. 3d 579 (Fla. 2d DCA 2010).

7. Plaintiff incurred attorneys' fees during the prosecution of this action, but has chosen to forego having the court include said fees in the final judgment. Therefore, the Court renders no opinion as to the reasonableness of the fees and make no provision for said fees in this final judgment.

8. **If the Plaintiff is the purchaser at the sale, the Plaintiff may assign its bid to Federal National Mortgage Association by recording and filing an Assignment of Bid and the Clerk of Court is hereby directed to issue a Certificate of Title to the assignee named therein.**

9. The Court retains jurisdiction of this action to enter further orders that are proper, including, without limitation, writs of possession, deficiency judgments, re-foreclosure or a supplemental complaint to add an omitted party post-judgment.

**IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THE FINAL JUDGMENT.**

**IF YOU ARE A SUBORDINATE LIEN HOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN SIXTY (60) DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.**

(If the property being foreclosed on has qualified for the homestead tax exemption in the most recent approved tax roll, the final judgment shall additionally contain the following statement in conspicuous type.)

**IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS YOURSELF. YOU ARE NOT REQUIRED TO HAVE A LAWYER OR ANY OTHER REPRESENTATION AND YOU DO NOT HAVE TO ASSIGN YOUR RIGHTS TO ANYONE ELSE IN ORDER FOR YOU TO CLAIM ANY MONEY TO WHICH YOU ARE ENTITLED. PLEASE CHECK WITH THE CLERK OF THE COURT FOR**

BREVARD COUNTY, TELEPHONE: (321) 637-5413, 700 S. PARK AVENUE, BUILDING B, TITUSVILLE, FL 32780-4015, WITHIN (10) DAYS AFTER THE SALE TO SEE IF THERE IS ADDITIONAL MONEY FROM THE FORECLOSURE SALE THAT THE CLERK HAS IN THE REGISTRY OF THE COURT.

IF YOU DECIDE TO SELL YOUR HOME OR HIRE SOMEONE TO HELP YOU CLAIM THE ADDITIONAL MONEY, YOU SHOULD READ VERY CAREFULLY ALL PAPERS YOU ARE REQUIRED TO SIGN, ASK SOMEONE ELSE, PREFERABLY AN ATTORNEY WHO IS NOT RELATED TO THE PERSON OFFERING TO HELP YOU, TO MAKE SURE THAT YOU UNDERSTAND WHAT YOU ARE SIGNING AND THAT YOU ARE NOT TRANSFERRING YOUR PROPERTY OR THE EQUITY IN YOUR PROPERTY WITHOUT THE PROPER INFORMATION. IF YOU CANNOT AFFORD TO PAY AN ATTORNEY, YOU MAY CONTACT BREVARD COUNTY LEGAL AID, INC., 1038 HARVIN WAY, SUITE 100, ROCKLEDGE, FL 32955, 321-631-2500, TO SEE IF YOU QUALIFY FINANCIALLY FOR THEIR SERVICES. IF THEY CANNOT ASSIST YOU, THEY MAY BE ABLE TO REFER YOU TO A LOCAL BAR REFERRAL AGENCY OR SUGGEST OTHER OPTIONS. IF YOU CHOOSE TO CONTACT BREVARD COUNTY LEGAL AID, INC., YOU SHOULD DO SO AS SOON AS POSSIBLE AFTER RECEIPT OF THIS NOTICE.

**DONE AND ORDERED** at Brevard County, Florida, this the _____ day of _____, 2018.

ORIGINAL SIGNED ON

APR 26 2018

By Judge Lisa Davidson

_____
Lisa Davidson, CIRCUIT COURT JUDGE

Copies to: See Attached Service List

Ditech Financial LLC F/K/A Green Tree Servicing LLC vs. Paul Bross

## SERVICE LIST FOR FINAL JUDGMENT OF FORECLOSURE
### (Brevard County Case No.: 05-2016-CA-016736-XXXX-XX)

Padgett Law Group, Attorney for Plaintiff
6267 Old Water Oak Road, Suite 203
Tallahassee, FL 32312
attorney@padgettlaw.net

Paul Bross
5070 Seiler St.
Melbourne, FL 32951
pleadings@brosslawfirm.com
pbross1@yahoo.com

Christine M. Schverak, Esq. (Counsel for Brevard County, Florida)
2725 Judge Fran Jamieson Way
Viera, FL 32940
Christine.Schverak@brevardcounty.us
Karen.Lane@brevardcounty.us
Selenia.Caraveo@brevardfl.gov

SunTrust Bank
40 Technology Parkway S., # 300
Norcross, GA 30092